# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Everest Reinsurance Company,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>Pennsylvania National Mutual Casualty Insurance Company,<br><br>　　　　　Respondent. | Case No.:<br><br><br><br>ORAL ARGUMENT REQUESTED |

## PETITION TO COMPEL EXISTING ARBITRATION AND TO STAY SUBSEQUENT ARBITRATION

Petitioner Everest Reinsurance Company ("Everest"), by and through its counsel, Saiber LLC, hereby petitions this Court, pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, for an Order (i) compelling Respondent Pennsylvania National Mutual Casualty Insurance Co. ("Penn National") to arbitrate before an already-constituted panel of arbitrators, Daniel Schmidt, umpire, Howard Denbin, arbitrator and Spiro Bantis, arbitrator (the "First Panel"), the issue of whether the First Panel has jurisdiction over the existing dispute between Everest and Penn National pursuant to the parties' agreement to arbitrate, including the mandatory consolidation provision of the arbitration agreement; (ii) ordering Penn National to pay the fees and expenses of its arbitrator and one-half of the fees and expenses of the umpire of that panel, as required by the agreement

to arbitrate; and (iii) staying a second arbitration purportedly commenced by Penn National. In support of this Petition, Everest avers the following:

## THE NATURE OF THE ACTION

1. This is an action to compel arbitration, pursuant to Section 4 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 4.

## THE PARTIES

2. Everest is a corporation organized under the laws of the State of Delaware with its principal place of business in Liberty Corner, New Jersey.

3. Penn National is a corporation organized under the laws of the State of Pennsylvania with its principal place of business in Harrisburg, Pennsylvania.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, because this is an action between citizens of different states in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs.

5. Venue is proper under 28 U.S.C. § 1391 because this Court has personal jurisdiction over the parties and a substantial part of the actions and omissions took place within this district, and the parties selected Harrisburg, Pennsylvania as the venue for their arbitration.

## THE ARBITRATION BETWEEN THE PARTIES

6. Everest participated as a reinsurer on multiple layers and years of

Property/Casualty Excess of Loss Reinsurance Contracts (the "Treaties") between Penn National and various reinsurers. See Ex. A.[1]

7. New England Reinsurance Corporation ("NERCO") and Hartford Fire Insurance Company ("Hartford") also participated as reinsurers on the Treaties.

8. Each year and layer of the Treaties has the same wording in all relevant respects, including an identical arbitration clause, applicable in the same way to all reinsurers.

9. The arbitration clause provides for arbitration of "[a]ny dispute" between Penn National and the reinsurers under the Treaties. See Ex. A at 17.

10. The arbitration clause contains a consolidation provision that requires that, "[i]f more than one reinsurer is involved in the same dispute, all such reinsurers shall constitute and act as one party for purposes of this [arbitration] Article …." (emphasis added). Ex. A at 17.

11. A dispute has arisen between Penn National and its reinsurers concerning Penn National's claim for reinsurance coverage for lead paint losses in the Baltimore, Maryland area.

12. Penn National sent Everest and other reinsurers bills requesting

---

[1] Cited exhibits are included in the Table of Exhibits in Support of Everest's Petition to Compel Existing Arbitration and to Stay Subsequent Arbitration. Everest submits as Exhibit A in support of its Petition pertinent excerpts from the First Excess of Loss Reinsurance Contract effective January 1, 1996 as an exemplar and will furnish copies of all of the Treaties at the Court's request.

payment under the Treaties for those lead paint losses.

13. Everest, NERCO, and Hartford are among the reinsurers involved in disputes under the Treaties regarding lead paint losses.

14. Everest disputed and refused to pay the bills for those lead paint losses under the Treaties.

15. Other reinsurers also refused to make payments requested by Penn National for those lead paint losses under the Treaties.

16. NERCO and Hartford were among the reinsurers that refused to make payments requested by Penn National for those lead paint losses under the Treaties.

17. Penn National participated with NERCO and Hartford in arbitration concerning those lead paint losses before a panel of three arbitrators (the "First Panel").

18. The arbitration between Penn National and NERCO/Hartford before the First Panel was brought under the Treaties.

19. The First Panel consisted of Spiro K. Bantis as Penn National's arbitrator, Howard D. Denbin as arbitrator for the reinsurers, and Daniel E. Schmidt as umpire.

20. The First Panel issued an arbitration award that determined the dispute between Penn National, NERCO, and Hartford, but did not determine the aspect of the dispute concerning Penn National's claim against Everest regarding the same

lead paint losses.

21. Penn National petitioned this Court to confirm the First Panel's arbitration award. See Ex. B.

22. Penn National later withdrew its petition to confirm the award. See Ex. C.

23. Penn National never notified Everest of the existence of the arbitration concerning the lead paint losses that was conducted before the First Panel.

24. The Treaties contain an arbitration agreement, including a mandatory consolidation provision as follows:

> ARBITRATION
>
> 27.   A. <u>Any dispute</u> or other matter in question between the Reassured and the Reinsurers arising out of, or relating to, the formation, interpretation, performance, or breach of this contract, … <u>shall be settled by arbitration</u>. Arbitration shall be initiated by the delivery of a written notice of <u>demand for arbitration by one party to the other</u> within a reasonable time after the dispute has arisen.
>
>        B. <u>If more than one reinsurer is involved in the same dispute, all such reinsurers shall constitute and act as one party</u> for the purposes of this Article, provided, however, that nothing herein shall impair the rights of such reinsurers to assert several, rather than joint, defenses or claims, nor be construed as changing the liability of the Reinsurers under the terms of this Contract from several to joint. (Emphasis added).
>
> Ex. A at 17.

25. Penn National was required by the mandatory consolidation provision

to include Everest in the arbitration before the First Panel, but Penn National failed to do so.

26. Penn National never notified Everest of the First Panel's award and of Penn National's petition to confirm.

27. By letter dated May 16, 2018, Penn National purported to demand a new, separate arbitration against Everest to recover its billings for the same lead paint losses under the same arbitration agreement that contains the mandatory consolidation arbitration provision. Ex. E.

28. No umpire has been named for this purported arbitration between Penn National and Everest, and no proceedings have taken place.

29. No proceedings have taken place in the purported arbitration between Penn National and Everest.

30. On July 27, 2018, Everest wrote to the First Panel, citing the mandatory consolidation provision of the Treaties and pointing out that the provision requires that the First Panel consider Penn National's claims against Everest as part of the dispute over reinsurance coverage for the lead paint losses. Ex. F.

31. By letter to the First Panel dated August 3, 2018, Penn National responded to Everest's July 27, 2018 letter, refusing to participate in any further proceedings before the First Panel. Ex. H.

32. In its August 3, 2018 letter, Penn National asserted that the First Panel does not have the "authority" or "power" to consider Everest's application and that it does not consent to the First Panel's "jurisdiction." Ex. H.

33. Since August 3, 2018, the parties have been in a stalemate.

## THIS COURT'S AUTHORITY TO COMPEL ARBITRATION

34. Pursuant to Section 4 of the FAA, this Court is authorized to compel arbitration in this case. See 9 U.S.C. § 4.

35. Section 4 of the FAA provides, in pertinent part:

A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, … for an order directing that such arbitration proceed in the manner provided for in such agreement.… The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

36. Penn National and Everest have entered into a valid agreement to arbitrate.

37. There exists a disagreement between Penn National and Everest concerning whether Penn National's claim against Everest for reinsurance coverage of lead paint losses should be heard by the First Panel, pursuant to the consolidation provision of the parties' arbitration agreement.

38. This disagreement is required to be arbitrated under the parties'

agreement to arbitrate before the already-constituted First Panel.

39. Penn National has refused to proceed with arbitration before the First Panel.

40. This refusal to proceed with arbitration constitutes a failure, neglect, or refusal to arbitrate under the parties' written agreement for arbitration.

41. Accordingly, Everest respectfully requests that this Court issue an Order compelling the parties to arbitrate their dispute, including the issues of jurisdiction, consolidation and any other questions of arbitral procedure, before the First Panel.

**WHEREFORE** Everest respectfully requests that this Court enter an Order pursuant to 9 U.S.C. § 4:

(a) compelling the parties to arbitrate their dispute, including issues of jurisdiction, consolidation and any other questions of arbitral procedure, before the First Panel;

(b) ordering Penn National to pay the fees and expenses of its arbitrator and one-half of the fees and expenses of the umpire of the First Panel;

(c) staying the second arbitration purportedly commenced by Penn National against Everest; and

(d)     granting such other relief as the Court deems just and proper.

                              **SAIBER LLC**

By:   /s/ _____
        Marc E. Wolin       (PA 65437)
        mwolin@saiber.com

        Joseph J. Schiavone (NJ 012761989)
        jschiavone@saiber.com
        (Pro hac vice application to be filed)

        Jeffrey S. Leonard   (NJ 031161993)
        jleonard@saiber.com
        (Pro hac vice application to be filed)

        18 Columbia Turnpike, Suite 200
        Florham Park, New Jersey 07932
        Tel. 973-622-3333
        Fax 973-622-3349
        Attorneys for Petitioner
Dated:  November 14, 2018        Everest Reinsurance Company
1341622